United States Court of Appeals,

Fifth Circuit.

No. 93-1839

Summary Calendar.

Vonda S. Brehm CLARK, Plaintiff-Appellant,

v.

KRAFT FOODS, INC., Defendant-Appellee.

April 20, 1994.

Appeal from the United States District Court for the Northern District of Texas.

Before POLITZ, Chief Judge, HIGGINBOTHAM and DeMOSS, Circuit Judges.

POLITZ, Chief Judge:

Vonda Sue Brehm Clark appeals an adverse summary judgment in her Title VII sex-discrimination suit against Kraft General Foods. We vacate and remand.

*Background*

Clark was fired in December 1988 after being employed as a line technician by Kraft for several years. Shortly thereafter she filed a charge of discrimination with the Equal Employment Opportunity Commission, the primary thrust of which was an allegation of sexual harassment and retaliation for grievances she filed in response to that harassment. In 1991 Clark filed the instant action, claiming that she was pressured to take a lower paying position and was ultimately fired because of her gender. The sexual harassment claim, the dominant theme in her EEOC complaint, was not advanced, apparently because it was time-barred.

1

Kraft moved for summary judgment asserting that Clark had not raised her disparate treatment claim before the EEOC and, therefore, had not exhausted administrative remedies.[1] The magistrate judge accepted Kraft's challenge and recommended that summary judgment be granted because the "disparate treatment claim ... was not presented to the EEOC, nor was it within the scope of the EEOC investigation of plaintiff's charge." That recommendation was adopted without comment by the district court. Clark timely appealed.

*Analysis*

Clark maintains that she properly raised the disparate treatment issue before the EEOC.[2] Kraft counters that although Clark's EEOC complaint included claims of sexual harassment and retaliation for that harassment, it did not include a separate allegation of disparate treatment on the basis of gender. We review the district court's grant of summary judgment *de novo*.[3]

As a jurisdictional predicate Clark had to exhaust EEOC remedies for the sex-based discrimination advanced in this action.[4]

---

[1]*Tolbert v. United States*, 916 F.2d 245 (5th Cir.1990).

[2]Clark asserts that she exhausted administrative remedies on her claim of retaliation for filing a 1988 gender discrimination grievance. The summary judgment only addresses her disparate treatment claim. If a retaliation claim in fact exists, it is not properly before us on appeal.

[3]*Bodenheimer v. PPG Industries, Inc.*, 5 F.3d 955 (5th Cir.1993).

[4]*See Young v. City of Houston*, 906 F.2d 177 (5th Cir.1990); *Sandom v. Travelers Mortg. Services*, 752 F.Supp. 1240 (D.N.J.1990) (sexual harassment and disparate treatment are distinct; assertion of one before the EEOC does not exhaust

The sole issue before us is exhaustion and our sole inquiry is whether the disparate treatment claim pursued in the present litigation was advanced before the EEOC. We decide that question in the affirmative because the EEOC investigation of that claim was a reasonable consequence of Clark's EEOC complaint and supporting documentation.[5]

We look first to Clark's original "Charge of Discrimination." This document sets forth several claims, the most important of which are: "1. I was harassed because of my sex, female. 2. I was sexually harassed." Viewed in isolation the first complaint reasonably could be read as either an allegation of sexual harassment or as a claim that she had been persecuted in her job because of her gender. These points, however, were presented in tandem. Were we to read Clark's first claim as simply alleging sexual harassment, we would render her second claim redundant. Long established principles of interpretation[6] and Clark's *pro se*

---

administrative remedies as to the other). We note, however, that this proposition does not preclude Clark from offering more than one basis of discrimination in a single EEOC claim, or from relying on a single set of facts in support of more than one basis. *Cf. Fellows v. Universal Restaurants, Inc.,* 701 F.2d 447 (5th Cir.), *cert. denied,* 464 U.S. 828, 104 S.Ct. 102, 78 L.Ed.2d 106 (1983).

[5]*Young; Sanchez v. Standard Brands, Inc.,* 431 F.2d 455 (5th Cir.1970).

[6]*Cf. Nat'l Union Fire Ins. Co. v. Kasler Corp.,* 906 F.2d 196 (5th Cir.1990) (courts construe language to avoid rendering terms meaningless); Fed.R.Civ.P. 8(e), (f) (encouraging liberal construction of complaints).

3

status at the time of her EEOC complaint[7] militate against such a construction of her filing.

We conclude that Clark's statements to the EEOC presented a sufficient predicate upon which one reasonably would expect the agency to investigate a disparate treatment claim. Her EEOC affidavit explained that females on her line "were forced to bust off their job and take lower bracket pay jobs." Her EEOC Discharge Questionnaire expanded on this point, noting that "[d]ue to the cut in Matinence [sic] Dept. they wanted the women off the line operators jobs to place the xtra [sic] men."[8] These statements at least raise inferences supporting Clark's claim of gender-based harassment. Her allegation that women on her line were removed to lower paying jobs to make room for men should have given the EEOC investigators reasonable cause to examine whether she was pressured to do the same or whether her ultimate firing resulted from systematic replacement of any female in her position.

Despite its present position on appeal, at the time of Clark's EEOC complaint Kraft apparently considered Clark to be claiming disparate treatment on the basis of gender. In answer to the EEOC's request for information Kraft denied the existence of any "evidence that female employees are more frequently terminated or otherwise more harshly treated in the disciplinary process." Kraft

---

[7]*Fellows,* 701 F.2d at 451 ("liberal construction [is] accorded EEOC charges, especially those by unlawyered complainants").

[8]Kraft suggests that Clark, having refused to "bust off" her job, cannot claim this episode as discrimination. This argument ignores the fact that she was fired shortly after her refusal.

4

concluded its response by noting that Clark's termination "had nothing to do with her sex." If Clark had presented no colorable allegation of disparate treatment that reaction would have been a *non sequitur.*

Albeit mindful that the actual scope of an EEOC investigation does not determine whether a claim is exhausted,[9] we are also mindful that investigation of a particular claim creates a strong inference that such a claim was presented. In the instant case the EEOC investigated Clark's gender-based disparate treatment claim. Its determination expressly mentions a gender-based harassment claim which it treats as distinct from claims of sexual harassment or retaliation for reporting such harassment. The first half of the EEOC report deals exclusively with Clark's "sexual harassment allegation." The determination then separately addresses "[t]he Charging Party's allegation that she was *harassed because of her sex,* and in retaliation for complaining about sexual harassment." EEOC inquiries discussed thereunder include the question whether males and other females in Clark's position received comparable work assignments and duties. These questions, like Kraft's representation that males and females are treated equally, manifestly are consistent with an EEOC inquiry into a gender-based disparate treatment claim. The EEOC determination concluded that "[t]he investigation discovered no evidence that Charging Party was asked to resign and was subsequently discharged because of her sex,

_____

[9]*Young* (applicable standard is not scope of actual investigation but what we reasonably would expect the EEOC to investigate).

female, *or* because she complained of sexual harassment."

It is apparent that sexual harassment and retaliation for reporting sexual harassment were Clark's principal allegations at the administrative stage. It is also apparent in the statements of Clark, Kraft, and the EEOC that Clark raised a gender-based disparate treatment claim sufficient to prompt an EEOC investigation. Suggesting no particular resolution on the merits, we conclude that administrative remedies for the instant complaint of gender-based disparate treatment were exhausted and that Clark's claim is properly before the district court.

The district court's judgment in favor of Kraft is therefore VACATED and the cause is REMANDED for further proceedings consistent herewith.