Nancy HONEA, Plaintiff,

v.

SGS CONTROL SERVICES
INC., Defendant.

No. 1:92–CV–0442.

United States District Court,
E.D. Texas,
Beaumont Division.

July 18, 1994.

A. Bentley Nettles, Houston, TX, for plaintiff.

Myra L. Galligano, James M. Neel, Donna Smith Cude, Neel Hooper & Kalmans, Houston, TX, for defendant.

## MEMORANDUM OPINION AND ORDER GRANTING PARTIAL SUMMARY JUDGMENT

COBB, District Judge.

Pending before the court are numerous motions filed by the defendant, SGS Control Services, Inc. Included are SGS's motion for summary judgment, motion to strike plaintiff's response, motion to strike jury demand, and motion to strike plaintiff's claim for punitive damages. The court, having considered the arguments of the parties and the evidence of record, is of the opinion that the following disposition appropriate.

### I. BACKGROUND [1]

Plaintiff, Nancy Honea (Honea), was employed by Defendant, SGS Control Services (SGS) at SGS's Corpus Christi facility from October, 1989, through December, 1990. Nationwide, SGS engages in numerous commercial pursuits, but in Southeast Texas SGS is primarily involved in inspecting barges and ships belonging to oil companies. The inspection consists of sampling and measuring the quality and quantity of crude oil contained in vessels arriving in nearby ports. After completing a probationary period with SGS, Honea began performing duties classified by SGS as an "inspector-trainee." During late 1990, Honea sought a transfer from Corpus Christi to SGS's Nederland, Texas, facility. SGS transferred Honea to Nederland at the end of 1990.

While working in Nederland, Honea was under the supervision of SGS's Branch Manager, Mr. Tom Hilgeman. On March 31, 1991, SGS sent Honea to "gauge" certain barges for Amoco.[2] Admittedly, plaintiff failed to adequately perform the gauging, because she used an inappropriate measuring device. Her mistake became apparent when the barge was again measured in New Or-

leans. SGS was notified of the error, and Hilgeman and Honea later conferenced about the discrepancy. SGS terminated Honea shortly thereafter, on or about April 11, 1991.

Honea then brought claims for disparate treatment arising out of her termination. She also sued SGS for sexual harassment. Although her complaint in this court is somewhat ambiguous, she alleges Hilgeman propositioned her and made statements laden with sexual innuendo. Additionally, she asserted that her co-workers repeatedly harassed her by telling offensive jokes in her presence. Finally, she brought supplemental Texas state law claims for intentional and negligent infliction of emotional distress.

Defendant has moved for summary judgment on all claims. Defendant has also moved to strike portions of plaintiff's response to summary judgment and supporting proof. Additionally, defendant has moved to strike the plaintiff's jury demand. The court stayed ruling on these matters pending the decision of the United States Supreme Court in *Landgraf v. USI Film Products*, 511 U.S. ——, 114 S.Ct. 1483, 128 L.Ed.2d 229 (1994). After the Supreme Court decided *Landgraf*, the court allowed additional briefing on the motion for summary judgment.

### II. DISCUSSION

#### A. Summary Judgment Standard

Rule 56 facilitates the efficient disposal of cases presenting no genuine factual questions. Summary judgment is proper when the movant shows that the pleadings, affidavits, and other evidence available to the court establish that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. FED.R.CIV.P. 56(c). A fact is material if it might affect the outcome of the case under the governing substantive law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). Once the material facts are assessed, the court must determine whether the evidence

---

1. The court presents the background facts in the light most favorable to the plaintiff without prejudice to the defendant's right to contest any such facts at trial.

2. "Gauging" involves measuring the quantity of crude oil transported by the barge.

reveals the presence of genuine factual issues. A genuine issue exists when, in the context of the entire record, a reasonable fact-finder could return a verdict for the non-movant. *Anderson,* 477 U.S. at 248, 106 S.Ct. at 2510. Of course, all evidence and inferences drawn therefrom are viewed in the light most favorable to the non-movant, *Matsushita Electric Industrial Co. Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986), and credibility determinations play no role in the court's evaluation of the proof. *Lindsey v. Prive Corp.,* 987 F.2d 324, 327 n. 14 (5th Cir.1993).

### B. Title VII Claim—Disparate Treatment

**1.**

■ Honea first claims she suffered disparate treatment in violation of Title VII when SGS terminated her. To facilitate the orderly resolution of disparate treatment cases in which the plaintiff relies on circumstantial evidence to prove intentional discrimination, the Supreme Court has set up the familiar *McDonnell–Douglas* model of proof. To make out a prima facie showing of discriminatory discharge, the plaintiff bears the initial burden of proving:

    a.  That she belongs to a protected class;

    b.  That she was qualified for the position from which she was terminated;

    c.  That she was actually terminated from the position; and

    d.  That she was replaced by a man or otherwise show her termination was due to gender.

*McDonnell–Douglas Corp. v. Green,* 411 U.S. 792, 802, 93 S.Ct. 1817, 1824, 36 L.Ed.2d 668 (1973). Once she makes a prima facie showing, the burden shifts to the defendant to articulate some legitimate, non-discriminatory reason for the termination. *McDonnell–Douglas,* 411 U.S. at 802, 93 S.Ct. at 1824. Once the defendant meets this slight burden of production, *see St. Mary's Honor Center v. Hicks,* —— U.S. ——, 113 S.Ct. 2742, 125 L.Ed.2d 407 (1993), the plaintiff must assume her ultimate burden of persuading the trier of fact that the proffered reason is pretextual. That is, the plaintiff must show both that the defendant's explanation is false and that

the real reason for termination was gender her gender. *St. Mary's,* —— U.S. at ——, 113 S.Ct. at 2752.

■ Of course, the critical fact question in an employment discrimination claim alleging disparate treatment is not "whether the plaintiff has established a prima facie case or demonstrated pretext, but 'whether the defendant has discriminated against the plaintiff.'" *Armstrong v. City of Dallas,* 997 F.2d 62, 66 (5th Cir.1993) (*quoting Nix v. WLCY Radio/Rahall Comm.,* 738 F.2d 1181, 1184 (11th Cir.1984)) (*quoting in turn United States Postal Serv. Bd. of Gov. v. Aikens,* 460 U.S. 711, 103 S.Ct. 1478, 75 L.Ed.2d 403 (1983)). The Fifth Circuit recently elaborated on the appropriate evidentiary procedures for courts to follow when ruling on a motion for summary judgment. *Armstrong,* 997 F.2d at 66. The court explained that if the plaintiff carries the burden of a prima facie showing and the defendant establishes a legitimate non-discriminatory explanation for the termination, the plaintiff, as the non-movant, must preserve a fact issue as to whether the proffered reason is pretextual. *Armstrong,* 997 F.2d at 67. In other words, a plaintiff generally cannot rest on her prima facie showing but should produce additional evidence sufficient to persuade a rational trier of fact that the explanation is pretextual (i.e. both false *and* that real reason was discrimination). *Id.* It is against this backdrop that the court views the present record.

**2.**

SGS argues that summary judgment on this claim is appropriate for two reasons: First, SGS argues that Honea cannot meet her burden in establishing a prima facie case. However, assuming Honea can establish a prima facie case, SGS maintains Honea cannot establish that its proffered reasons for termination are pretextual.

**a.**

■ The court concludes plaintiff has submitted sufficient evidence creating a genuine issue of material fact on each of the elements of her prima facie case. It is undisputed that she is a woman who was terminated from her employment. Regarding whether she was

qualified for her position, SGS strenuously argues that because of her performance errors, Honea was unqualified for employment. However, Honea testified that had approximately six years experience working for Sun Oil Co. and Mobil Oil Co., prior to applying with the SGS Corpus Christi facility. Additionally, evidence submitted by SGS includes an initial performance evaluation. The evaluation reflects that in February of 1990, Honea performed her duties "above average." Moreover, Honea testified that she requested additional training which request was denied. In light of the low threshold imposed by *McDonnell–Douglas,* the Court concludes Honea has made a sufficient showing that she was minimally qualified for her position. Finally, although the record is somewhat undeveloped as to Honea's replacement, she has submitted evidence that she remained at home while male inspectors performed overtime duties. Therefore, an inference is raised that she was "pushed out" to the benefit of her male counterparts. She has offered additional evidence that on at least one occasion she received less compensation than men for similar work. Accordingly, the court holds plaintiff has made a sufficient showing on each of the elements of her prima facie case to withstand summary judgment.

### b.

■ SGS further argues that summary judgment is proper because plaintiff cannot show that the proffered explanations (i.e. poor performance and insubordination) are pretexts for discrimination. Under *Armstrong,* Honea must submit evidence tending to show both that the *reasons for termination* are false and that the real reason was discrimination. For reasons similar to those listed above, the court holds a fact issue exists precluding summary judgment with respect to pretext. Viewing the entire record in the light most favorable to Honea, there is some indication of disparate treatment in the terms and conditions of employment. Although this is a termination claim, evidence of disparate treatment at any time during the employment relationship is relevant to whether SGS was unlawfully motivated when it ultimately terminated Honea. That evidence, in the court's opinion, also properly bears on whether the proffered reasons are false. Although Honea has not brought a "terms and conditions" suit, often the only evidence of intentional discrimination will be circumstantial. Moreover, there is some indication that Honea was propositioned by her supervisor and taunted by her co-workers. For similar reasons, although these facts might be more probative to a claim for sexual harassment, they do not become irrelevant to the issue whether a termination in the midst of such conduct was motivated by a discriminatory animus. The record leads the court to conclude that a fact issue exists with respect to whether SGS's explanation is pretextual. For the above reasons, SGS's motion for summary judgment with respect to plaintiff's Title VII disparate treatment is **DENIED.**

### C. Title VII Claim—Sexual Harassment

Honea also alleges a separate Title VII claim for sexual harassment. SGS raises a trio of challenges to the sexual harassment claim. First, SGS argues that summary judgment is proper because Honea did not file an EEOC complaint alleging sexual harassment. Alternatively, SGS argues that Honea never reported the harassing incidents and that the evidence is insufficient to establish that the conduct was unwelcome. For the following reasons, the court disagrees, and SGS's motion for summary judgment on the sexual harassment claim is **DENIED.**

### 1.

■ As a prerequisite to judicial relief, Title VII requires that a plaintiff file an EEOC complaint and receive a "right to sue" letter. This requirement assures that the EEOC is able to fulfill its dual investigatory and conciliatory functions. The EEOC complaint also puts the named defendant on notice of the charges against it.

■ Because many complainants are laypersons, courts regularly construe EEOC charges liberally when determining the permissible breadth of a judicial complaint. *Danner v. Phillips Petroleum Co.,* 447 F.2d 159 (5th Cir.1971). As a result, the judicial complaint properly encompasses any discrim-

ination like or reasonably related to the charge and growing out of such allegations. *Id.* The Fifth Circuit has recently instructed that claims for disparate treatment (i.e. gender-motivated termination) and sexual harassment are distinct theories. *Clark v. Kraft Foods, Inc.*, 18 F.3d 1278, 1279 n. 4 (5th Cir.1994). Therefore, a claimant must present both to the EEOC to pursue both in a judicial action.

■ In this case, SGS suggests that because none of the "facts" now alleged by Honea in support of her sexual harassment claim was mentioned in her EEOC complaint, her sexual harassment claim was not sufficiently presented. The court disagrees. In her EEOC complaint, Honea stated very generally that "I believe I have been discriminated against in violation of Title VII of the Civil Rights Act of 1964, as amended, because of my sex, female." A claim for sexual harassment, like a claim for disparate treatment, is a claim that a woman "has been discriminated against in violation of Title VII of the Civil Rights Act of 1964." Although mention of one type of claim will not suffice to present another under *Clark*, Honea's allegation was broad enough to encompass both types of employment discrimination. It is therefore reasonable to conclude that the EEOC was on notice of the claim for sexual harassment, since such a claim is a type of gender discrimination. *Kraft*, 18 F.3d at 1281.[3] Therefore, the court holds that Honea's statement to the EEOC, described above, sufficiently embraces her dual claims for sexual harassment and disparate treatment. SGS's argument on this issue is, therefore, rejected.

**2.**

■ Second, SGS argues that Honea never reported the alleged sexual harassment to SGS management. However, part of Honea's claim is that her supervisor, Mr. Tom Hilgeman, propositioned her and subjected her to sexual innuendos. *Cf. Ross v. Double*

*Diamond, Inc.*, 672 F.Supp. 261, 274 (N.D.Tex.1987). A fact issue is raised regarding whether SGS's management was on notice of the alleged incidents. Consequently, the court rejects SGS's position on this issue.

**3.**

■ Finally, SGS argues that there is no evidence that the conduct was unwelcome. In support, SGS points out that Honea, on occasion, did not wear a bra to work and that Honea delivered roses to her male co-workers. Aside from the fact that the text of Title VII does not require a woman to wear a bra in order to pursue a claim for sexual harassment, Honea's deposition testimony counters the defendant's implication by explaining that the reason she wore no bra was because she wore coveralls to work. Moreover, she also testified that she delivered roses to male and female workers alike. Her deposition further suggests that she exhibited her disapproval of her co-workers and Hilgeman's remarks. Genuine issues of material fact therefore exist, and SGS's motion for summary judgment on plaintiff's claim for sexual harassment is, therefore, **DENIED.**

**D. Intentional Infliction of Emotional Distress**

Honea also claims SGS's conduct violated her supplemental Texas common law right to be free from intentional infliction of emotional distress. SGS brings alternative arguments as to why summary judgment should be granted: First, the conduct is not, as a matter of law, extreme and outrageous. Second, there is no evidence that the defendant suffered severe emotional distress. The court agrees and grants the defendant's motion as to the plaintiff's claim for intentional infliction of emotional distress.

**1.**

■ Under Texas law, in order to prevail on a claim for intentional infliction of emotional distress, Honea must prove:

---

**3.** The court notes that the EEOC right to sue letter does not mention whether the EEOC actually investigated Honea's sexual harassment claim. Mindful that an actual investigation raises an inference that the claim was properly presented, *see Clark*, 18 F.3d at 1280, the scope of the actual investigation is not *determinative* on the issue whether a particular claim was properly presented. *Id.*

1. SGS acted intentionally;
2. SGS's conduct was extreme and outrageous;
3. SGS's conduct caused Honea emotional distress; and
4. The emotional distress was severe.

*McKethan v. Texas Farm Bureau,* 996 F.2d 734, 742 (5th Cir.1993). The Texas Supreme Court has explained "[i]t is for the court to determine, in the first instance, whether the defendant's conduct may reasonably be regarded as so extreme and outrageous as to permit recovery." *Wornick Co. v. Casas,* 856 S.W.2d 732, 734 (Tex.1993). Where, as here, the claim arises out of an employment dispute, a court must be cautious to ensure that the employment-at-will doctrine is not undermined, and that the defendant is not subjected to a potential jury trial arising out of virtually every discharge. *See McKethan,* 996 F.2d at 742. For this reason, when applying Texas law, the Fifth Circuit has insisted that the conduct be intentional and systematic degradation and humiliation, *Wilson v. Monarch Paper Co.,* 939 F.2d 1138, 1145 (5th Cir.1991) or reprehensible conduct utterly intolerable in a civilized society. *Dean v. Ford Motor Credit Co.,* 885 F.2d 300, 306–07 (5th Cir.1989).

#### 2.

■ The record evidence falls far short of meeting these standards. The only alleged conduct that could possibly be regarded as "intentional and systematic" is SGS's alleged assignment of tasks to men while Honea stayed home. This conduct, while possibly embarrassing, does not approach the degrading and humiliating conduct engaged in by the defendant in *Wilson* (holding employer's action in demoting corporate executive to custodial position sufficient to state claim for intentional infliction of emotional distress). Moreover, the court does not agree that isolated remarks, which could be construed as sexual innuendos, are sufficient to establish the stringent standards set forth by the Texas Supreme Court in *Wornick.* The statements are more analogous to "mere insults, indignities, threats, annoyances, or petty oppressions" to which liability does not attach. *See Ugalde v. W.A. McKenzie Asphalt Co.,*

990 F.2d 239, 243 (5th Cir.1993) (holding supervisor's racially derogatory remarks, even though occurring over a period of time, insufficient as a matter of law to establish extreme and outrageous conduct); *see also Garcia v. Andrews,* 867 S.W.2d 409, 412 (Tex.App.—Corpus Christi 1993) (holding corporate manager's three acts which could be construed as sexual harassment insufficient as a matter of law to support claim for intentional infliction of emotional distress even though acts occurred near time of discharge). Finally, even assuming SGS terminated Honea because she was a woman, or treated her differently from men in the terms and conditions of employment, the court is not persuaded that this conduct is sufficient to sustain the present claim. While the court certainly does not condone such conduct, it is well-settled that even conduct which may be illegal in an employment context (i.e. violations of Title VII) may not be the sort of extreme and outrageous conduct necessary to support an intentional infliction claim. *Ugalde,* 990 F.2d at 243. On this record, the court concludes the claim for intentional infliction of emotional distress fails as a matter of law. SGS's motion for summary judgment with respect to this claim is **GRANTED.**

#### E. *Negligent Infliction of Emotional Distress*

■ SGS's motion for summary judgment with respect to plaintiff's claim for negligent infliction of emotional distress is **GRANTED.** Texas law does not recognize independent claims for negligent infliction of emotional distress. *Boyles v. Kerr,* 855 S.W.2d 593 (Tex.1993).

#### F. *Other Pending Motions*

#### 1.

In ruling on the motion for summary judgment, the court has considered SGS's motion to strike certain portions of the plaintiff's response and supporting proof. With respect to these objections, the court makes the following rulings:

a. With respect to the objection that the plaintiff's original response was untimely and should be stricken, the objection is

**OVERRULED.** Plaintiff's response will be considered, the court noting that due to the delay in ruling on this matter, SGS has not been unfairly prejudiced.

b. With respect to objections concerning Honea's deposition testimony, those statements attributed to Hilgeman are not hearsay either because (1) the statements are admissions of an employee of a party opponent or (2) are not offered for the truth of the matter asserted, but rather show circumstantially the state of mind of the defendant. Those objections are, therefore, **OVERRULED.**

c. With respect to objections concerning Honea's affidavit in response to motion for summary judgment, the objections are **OVERRULED,** and the court finds additional support for Honer's claims in the plaintiff's deposition.

d. With respect to the objection to Exhibit C (purported list of unwelcome and offensive jokes) as being unauthenticated and hearsay, the objection is **MOOT** due to the statements contained in Honea's deposition that she was subjected to gender-based jokes in the workplace. The identity of the particular jokes to which she was subjected is immaterial at this stage of the case.

### 2.

 SGS has also moved to strike Honea's jury demand. The only claims remaining for trial are the Title VII claims. All of the complained-of conduct occurred prior to the effective date of the Civil Rights Act of 1991. The Supreme Court recently determined that the jury trial and expanded remedies provisions of the new Act do not apply retroactively. *Landgraf v. USI Film Products,* 511 U.S. ——, 114 S.Ct. 1483, 128 L.Ed.2d 229 (1994). The defendant's motion is therefore **GRANTED.** The case will be re-set for the court's non-jury civil docket.

### 3.

Additionally, SGS's motion to strike the plaintiff's claim for punitive damages is **GRANTED** due to the court's holding that summary judgment is proper with respect to the claim for intentional infliction of emotion-

al distress. Prior to the 1991 amendments, Title VII did not allow a plaintiff to recover compensatory and punitive damages.

### III. CONCLUSION

The defendant's motion for summary judgment is **DENIED** with respect to plaintiff's Title VII claims for disparate treatment and sexual harassment. The remainder of the motion is **GRANTED.** The defendant's motion to strike jury demand is **GRANTED.** The defendant's motion to strike the plaintiff's claim for punitive damages is **GRANTED.**