Freddy L. WALKER, Plaintiff,

v.

BAPTIST HOSPITAL, ORANGE,
Defendant.

No. 1:97–CV–0662.

United States District Court,
E.D. Texas,
Beaumont Division.

April 6, 1999.

As Amended May 3, 1999.

Freddy L. Walker, Orange, TX, pro se.

Gene Melton (Zona) Jones, Bernsen, Jamail & Goodson, Beaumont, TX, for defendant.

### MEMORANDUM OPINION

COBB, District Judge.

Before the court are two motions for partial summary judgment which, when viewed together, dispose of all the issues in the case. The first addresses Plaintiff's allegations of false imprisonment and wrongful termination pursuant to Title VII of the Civil Rights Act of 1964. The second addresses, in more detail and in relation to all the defendants, Plaintiff's Title VII claim as well.

Taking both motions for summary judgment together, this court will address each allegation in turn. First, in regard to Plaintiff's claim of false imprisonment, it is barred by the statute of limitations. Pursuant to Texas law, "[a] person must bring suit for ... personal injury ... not later than two years after the day the cause of action accrues." TEX.CIV.PRAC. & REM. § 16.003. Plaintiff's cause of action accrued on the day he was allegedly falsely imprisoned, May 10, 1995. Plaintiff did not file suit until September 30, 1997. Because Plaintiff did not file suit within two years of the date that his cause of action accrued, his claim of false imprisonment is barred.

Not only is Plaintiff's claim of false imprisonment barred, but so too is his claim of defamation, which, incidentally, neither

motion for summary judgment expressly mentions. Pursuant to Texas law, "[a] person must bring suit for malicious prosecution, libel, slander or breach of promise of marriage not later than one year after the day the cause of action accrues." TEX. CIV.PRAC. & REM. § 16.002. Because Plaintiff's cause of action accrued over two years prior to the date he filed suit, his claim for defamation is also barred.

In addressing Plaintiff's Title VII claim, a somewhat more extensive analysis is required. This analysis requires a rescitation not only of the applicable law, but also the facts alleged by the plaintiff.

## FACTS

Plaintiff (an African American male) maintains that on May 10, 1995, he was in the cafeteria at his place of employment and, upon seeing a sausage and biscuit sandwich at the counter, asked an employee (black) in the kitchen if he could take the sandwich on credit. After allegedly gaining permission to take the biscuit, Plaintiff exited the cafeteria. After exiting, the same employee who had allegedly granted him permission to take the biscuit confronted him and stated that her supervisor (white) had seen him leave without paying and wanted him to either pay for the biscuit or return it. Plaintiff returned the biscuit.

Shortly after returning the biscuit, Plaintiff alleges that he was confronted by his supervisor (white) who accused him of theft. Despite denying to his supervisor that he had stolen anything, Plaintiff alleges that he was then terminated from his position.

According to Plaintiff, he was not terminated due to the alleged theft of the biscuit. Instead, he alleges that the true reason he was terminated was due to an altercation between him and the cafeteria supervisor which had occurred several weeks earlier, resulting in a write-up that Plaintiff had refused to sign (see Plaintiff's handwritten affidavit attached to complaint). To bolster this contention, Plaintiff asserts he was the only black employee in the maintenance department. In an even more problematic assertion, Plaintiff alleges that the black employee who initially allowed him to take the biscuit had developed a practice of staging thefts in order to induce the termination of fellow black employees (see Plaintiff's typed affidavit filed before the EEOC).

## ANALYSIS

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED.R.CIV.P. 56(C). In determining whether summary judgment is appropriate, all evidence is viewed in the light most favorable to the non-movant, in this case the plaintiff. *Matsushita Electric Industrial Co. Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986).

In order to overcome a motion for summary judgment in a Title VII case, a Plaintiff must first establish, by a preponderance of the evidence, a prima facie case of discrimination. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). A prima facie case is established once the plaintiff has proved: (a) that he belongs to a protected class; (b) that he was qualified for the position from which he was terminated; (c) that he was actually terminated from the position; and (d) that he was replaced by a member of the opposite race or can otherwise show that his termination was due to race. *Honea v. SGS Control Services Inc.*, 859 F.Supp. 1025, 1028 (E.D.Tex.1994) *citing McDonnell*, 411 U.S. at 802.

Once a prima facie case has been established, the burden shifts to the defendant to "articulate some legitimate, nondiscriminatory reason for the employee's rejection." *McDonnell*, at 802, 93 S.Ct. 1817.

If the defendant can successfully articulate such a reason, then the Plaintiff is afforded a fair opportunity to show that defendant's reason is in fact a pretext for discrimination. *Id.* at 804, 93 S.Ct. 1817. The plaintiff need not show conclusively that defendant's rationale is pretextual, but need merely preserve an issue of fact surrounding the matter. *Armstrong v. City of Dallas,* 997 F.2d 62, 67 (5th Cir.1993); *Honea,* 859 F.Supp. at 1028.

■ Under the above analysis, it is not apparent that Plaintiff has established a prima facie case, thereby avoiding summary judgment. Although Plaintiff has clearly established that he belongs to a racial minority, and although (particularly when viewed in the light most favorable to him), it can easily be assumed that Plaintiff was qualified for the job which he held, and that he was terminated from that job, the other elements are not so clear. First, Plaintiff's position, although it was left open, was not filled by a person of the opposite race. In fact, the defendant hired an African American to take Plaintiff's place, thereby undermining Plaintiff's claim that he was fired because he was black (see statement of Gene Melton (Zona) Jones, transcript of March 3, 1999 case management hearing).

Considering that a black employee was hired to replace the plaintiff, it is incumbent on the plaintiff to somehow otherwise show that his termination was due to race. Plaintiff fails to meet this burden. He fails to present any other evidence that race was the reason he was fired. Instead, he alleges that he was fired in retaliation for having an altercation with the cafeteria supervisor and then for refusing to sign a complaint form regarding the incident (see Plaintiff's handwritten affidavit). Although both reasons might be considered pretextual, Plaintiff claims they were the real reasons for his termination. He does not explain how they had anything to do with the fact that he was black.

In addition to claiming that he was fired out of retaliation, Plaintiff also alleges that the defendant had a practice of discriminating based on race. He offers no testimony, however, that he was treated differently from white employees in terms of the alleged actions taken against him. What he does offer is testimony that the employee who gave him the biscuit in the cafeteria had given other employees biscuits in order to get them fired as well (see Plaintiff's handwritten affidavit). The fact that this employee is black, however, negates any viable claim that her actions were racially motivated. On the contrary, it suggests that her actions were inspired by some other reason. Consequently, it is not at all apparent that Plaintiff satisfies the elements of establishing a prima facie case, an essential requirement for defeating a motion for summary judgment.

■ Even it were assumed that Plaintiff established a prima facie case, he offers no evidence to show that the defendant's reason for terminating him was pretextual. According to the defendants, Plaintiff was called into his supervisor's office to respond to allegations that he had stolen food from the cafeteria. It is not unthinkable that allegations of theft would be sufficient to terminate an employee, in fact, it is often a common reason for termination. Whether Plaintiff quit or was terminated, in this context, does not matter. Plaintiff simply does not present any credible evidence that he was brought into his supervisor's office for any reason other than theft.

The only evidence which might be interpreted as a challenge to the defendant's rationale for Plaintiff's termination is Plaintiff's allegation that he was fired for getting into an altercation with the cafeteria supervisor two weeks before and later refused to sign the complaint form issued against him. Even if this were true, however, it does not suggest that he was terminated due to his race. On the contrary, it suggests that he was terminated because he either did not get along with the cafeteria supervisor or was being retaliated

against for refusing to sign a complaint form. Plaintiff offers no evidence that whites in similar situations were treated, or would have been treated, any differently. Although the conditions under which the plaintiff was terminated may not have been subjectively fair, they do not appear to have been even remotely related to race.

For the reasons stated above, the court deems that Plaintiff not only fails to establish a prima facie case, but that he also fails to show that defendant's rationale for terminating him was pretextual. Consequently, Plaintiff's claim does not survive the test for defeating defendant's motion for summary judgment as set forth in *McDonnell Douglas Corp. v. Green.* It is the opinion of this court, therefore, that Defendant's motions for summary judgment should be granted.