Constantino KOJIN, Plaintiff,

v.

BARTON PROTECTIVE SERVICES, Defendant.

No. CIV.A. H–04–0694.

United States District Court,
S.D. Texas,
Houston Division.

Oct. 7, 2004.

based on arguments they have previously raised or that they could have raised.

Okon J. Usoro, Attorney at Law, Houston, TX, for Constantino Kojin, Plaintiff.

Scott Lemond, Seyfarth Shaw LLP, Houston, TX, for Barton Protective Services, Defendant.

## MEMORANDUM AND OPINION

ROSENTHAL, District Judge.

Plaintiff Constantino Kojin filed this suit against his former employer, Barton Protective Services, on February 24, 2004, alleging discrimination on the basis of age, national origin, and a hostile work environment. Kojin asserted violations of the Age Discrimination in Employment Act, 29 U.S.C. § 621 et seq., Title VII, 42 U.S.C. § 2000e et seq., and 42 U.S.C. § 1981. Barton moved to dismiss the allegations of age discrimination and a hostile work environment on the ground that they were not included in the EEOC Charge that Kojin signed and Barton received. (Docket Entry No. 3, 6). Kojin has responded, arguing that the EEOC intake form included a reference to age as the basis for his wrongful discharge and to the single incident that he alleges as the basis for his hostile work environment claim, satisfying the exhaustion requirement.

This court concludes that Kojin has not satisfied the exhaustion requirement as to the age discrimination or hostile work environment allegations and dismisses those claims, for the reasons set out below.

## I. Background

In his complaint, Kojin alleged that he is a 68 year-old man who worked for Barton Protective Services for seven months. In March 2003, Barton told Kojin that his "continued employment would jeopardize its contract with Parker Drilling Company, a company with ties to Russian oil exploration. Plaintiff's fluency in the Russian language was construed as a threat to Parker's security and confidential transactions in Russia." (Docket Entry No. 1, Complaint, p. 3). Kojin sought $5 million in damages. Kojin attached his notice of right to sue letter from the EEOC, dated November 25, 2003, showing a copy mailed to counsel.

With its motion to dismiss, Barton submitted a copy of the EEOC Charge of Discrimination dated and signed on July 24, 2003. In that Charge of Discrimination, Kojin checked only the box indicating discrimination based on national origin. He did not check the box for "age." In the Charge of Discrimination, Kojin identi-

fied the date of discrimination as March 15, 2003 and described the "particulars" as follows:

> I. I worked for the company for approximately seven months. My supervisor was replaced by Drew Paulson, White, male. On March 15, 2003, I completed my shift and was already home, Mr. Paulson informed me in a telephone conversation that a tenant of the building I was working in accused me of spying.

> II. On March 15, 2003, during that conversation I was informed by Mr. Paulson that I was terminated because of the customer complaint.

> III. I believe I have been discriminated against based on my national origin, Brazilian, which is in violation of Title VII of the Civil Rights Act of 1964, as amended.

Kojin signed the Charge of Discrimination, swearing that he had read it and it was true.

The EEOC sent the Charge of Discrimination to Barton. The EEOC did not send Barton the Charge Information Form that Kojin had completed at the EEOC office the same date that he filed the Charge of Discrimination. On the Charge Information Form, in response to the questions, "Do you believe that you have been discriminated against because of your race, color, national origin, religion, sex, age, or disability? If yes, specifically identify which of these bases caused your harm and describe below," Kojin wrote "National origin-age-education." He described the basis for his belief that he had been discriminated against, as follows: "Loss of job—'invited' to resign because I would have been 'spying' in Parker Drilling Co. offices something secret, confidential?!!!" Kojin identified the reason Barton provided for its action as "spying." Kojin explained that there was no other reason than discrimination to fire him.

Barton has moved to dismiss the age and hostile work environment claims under both Rule 12(b)(1) and Rule 12(b)(6), because Kojin did not include them in his EEOC Charge of Discrimination.

## II. Analysis

### A. The Applicable Legal Standards

As a threshold matter, the motion to dismiss for failure to exhaust is properly evaluated under Rule 12(b)(6), rather than Rule 12(b)(1). Exhaustion of administrative remedies under Title VII and the ADEA is not a jurisdictional prerequisite to suit, but a statutory condition precedent. *Zipes v. Trans World Airlines*, 455 U.S. 385, 393, 102 S.Ct. 1127, 71 L.Ed.2d 234 (1982). The complaint must be liberally construed in favor of the plaintiff, and all facts pleaded in the complaint must be taken as true. *Campbell v. Wells Fargo Bank*, 781 F.2d 440, 442 (5th Cir.1986). The district court may not dismiss a complaint under Rule 12(b)(6) "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957).

In considering a motion to dismiss for failure to state a claim, a district court must limit itself to the contents of the pleadings, including attachments thereto. Fed.R.Civ.P. 12(b)(6). Various circuits have specifically allowed that "[d]ocuments that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to her claim." *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir.1993); *see also Branch v. Tunnell*, 14 F.3d 449, 453–54 (9th Cir.1994); *Field v. Trump*, 850 F.2d 938, 949 (2d Cir.1988); *Sheppard v.*

*Texas Dep't of Transp.,* 158 F.R.D. 592, 595 (E.D.Tex.1994). In so attaching, the defendant merely assists the plaintiff in establishing the basis of the suit, and the court in making the elementary determination of whether a claim has been stated. The Fifth Circuit has approved of this practice. *Collins v. Morgan Stanley Dean Witter,* 224 F.3d 496 (5th Cir.2000).

" 'A charge of discrimination must be timely filed with the EEOC prior to the initiation of a civil action under the ADEA.' " *Scott v. University of Miss.,* 148 F.3d 493, 514 (5th Cir.1998) (quoting *Clark v. Resistoflex Co.,* 854 F.2d 762, 765 (5th Cir.1988)) (citing 29 U.S.C. § 626(d)), abrogated on other grounds by *Kimel v. Florida Bd. of Regents,* 528 U.S. 62, 120 S.Ct. 631, 145 L.Ed.2d 522 (2000); accord *Mooney v. Aramco Servs. Co.,* 54 F.3d 1207, 1223 (5th Cir.1995). Similarly, filing a charge of discrimination with the EEOC is a condition precedent to filing a Title VII suit. *Young v. City of Houston, Tex.,* 906 F.2d 177 (5th Cir.1990). These requirements serve two purposes: affording the EEOC and the employer an opportunity to settle the dispute through conciliation, and giving the employer some warning as to the conduct about which the employee is aggrieved.

▉ Under both Title VII and the ADEA, a lawsuit stemming from EEOC charges is limited in scope to the EEOC investigation that could reasonably be expected to grow out of the charge of discrimination. *Young,* 906 F.2d at 179. A lawsuit "may be based, not only upon the specific complaints made by the employee's initial charge, but also upon any kind of discrimination like or related to the charge's allegations, limited only by the scope of the EEOC investigation that could reasonably be expected to grow out of the initial charges of discrimination." *Fine v. GAF Chemical Corp.,* 995 F.2d

576, 578 (5th Cir.1993) (quoting *Fellows v. Universal Restaurants, Inc.,* 701 F.2d 447, 451 (5th Cir.1983)); *see Sanchez v. Standard Brands, Inc.,* 431 F.2d 455, 466 (5th Cir.1970) (establishing this standard); *see also Nat'l Ass'n of Gov't Employees v. City Pub. Serv. Bd. of San Antonio, Tex.,* 40 F.3d 698, 711 (5th Cir.1994) (citing *Sanchez* with approval); *Haynes v. BlueCross and Blueshield of Texas, Inc.,* 2000 WL 140744, *6 (N.D.Tex.2000) ("*Sanchez* is clearly the law of the [Fifth] [C]ircuit on this issue."). Because a person filing an EEOC charge is usually not represented by counsel, the court must not strictly construe the EEOC charge and require the complainant to allege every instance of discrimination. "[T]his rule protects unlettered lay persons making complaints without legal training or the assistance of counsel." *Fine,* 995 F.2d at 578; *Clark v. Kraft Foods, Inc.,* 18 F.3d 1278, 1280 n. 7 (5th Cir.1994) (citing *Fellows,* 701 F.2d at 452); *Sanchez,* 431 F.2d at 465; *see Price v. Southwestern Bell Telephone Co.,* 687 F.2d 74, 78 (5th Cir.1982) ("[W]e construe employment discrimination charges with the utmost liberality . . . .").

The Fifth Circuit has rejected the argument that a party's failure to check a certain box on an EEOC charge form automatically precludes assertion of that basis for discrimination in a subsequent Title VII lawsuit. *See Hornsby v. Conoco,* 777 F.2d 243, 247 (5th Cir.1985) (construing an original EEOC complaint to allege both age and sex discrimination even though the plaintiff failed to mark the box on the charge form indicating discrimination on the basis of sex); *Sanchez,* 431 F.2d at 462–63 (noting several reasons why a charging party might fail to check the correct box and declaring it "inconceivable that a charging party's rights should be cut off merely because he fails to articulate correctly the legal conclusion emanating

from his factual allegations"). Instead, "the crucial element of a charge of discrimination is the factual statement contained therein." *Manning v. Chevron Chem. Co., L.L.C.,* 332 F.3d 874, 879 (5th Cir.2003) (quoting *Sanchez,* 431 F.2d at 462); *Harris v. Parker College of Chiropractic,* 286 F.3d 790, 795 (5th Cir.2002).

The factual statement contained in Kojin's Charge of Discrimination identified only national origin as the basis for the discrimination. The factual statement identified only the customer's complaint that Kojin was "spying" as the reason given for the firing. Kojin did not check the box to indicate that he claimed discrimination on the basis of age or anything other than national origin. Kojin did not identify anything but national origin discrimination in the factual statement he provided and signed.

The first issue is whether Kojin is limited to what is stated in the Charge of Discrimination. In *Clark v. Kraft Foods, Inc.,* 18 F.3d 1278 (5th Cir.1994), the Fifth Circuit addressed the question whether a plaintiff had exhausted her gender-based disparate treatment claim. *Id.* at 1279. The defendant argued that although the plaintiff's EEOC complaint included claims of sexual harassment and retaliation, it did not include a separate allegation of disparate treatment on the basis of gender. *Id.* The panel held that the disparate treatment claim had been exhausted "because the EEOC investigation of that claim was a reasonable consequence of [the plaintiff's] EEOC complaint and supporting documentation." *Id.* at 1280. The court first examined her charge to discern the claims asserted. Based on principles of interpretation and the plaintiff's *pro se* status at the time she filed the complaint, it concluded that her statements to the EEOC presented a sufficient predicate reasonably to expect the agency would in-

vestigate a disparate treatment claim. *Id.* The panel then recited the relevant contents of her EEOC affidavit and observed that her questionnaire expanded on them. *Id.* The court concluded that these statements raised inferences that supported the plaintiff's claim of gender-based harassment and included an allegation that should have given EEOC investigators reasonable cause to examine the assertion. *Id.* The panel also held that, at the time of the plaintiff's EEOC complaint, the defendant apparently considered her to be claiming gender-based disparate treatment because, in answering the EEOC's request for information, it denied the existence of any evidence of such treatment and concluded her termination had nothing to do with her sex, which would have been a *non sequitur* had the plaintiff presented no colorable allegation of disparate treatment. The court also relied on evidence that the EEOC had investigated the plaintiff's gender-based disparate treatment claim, and specifically found that it lacked merit, as creating a strong inference that the claim had been presented. *Id.* at 1280–81. The panel then concluded that it was apparent from the statements of the plaintiff, the defendant, and the EEOC that the plaintiff had raised a gender-based disparate treatment claim sufficient to prompt an EEOC investigation and had exhausted her administrative remedies for that claim. *Id.* at 1281. Since *Clark* was decided, it has been cited only once in a Fifth Circuit published opinion: a dissenting opinion that relied on its basic premise that a Title VII claim must be administratively exhausted as analogous authority in support of the argument being made in dissent. *See Greater Slidell Auto Auction, Inc. v. Am. Bank & Trust Co.,* 38 F.3d 180, 182 n. 1 (5th Cir.1994) (dissenting opinion of Aldisert, J.) (citing *Clark,* 18 F.3d at 1279).

Other circuits have addressed similar issues. In *Novitsky v. American Consult-*

*ing Engineers, L.L.C.,* 196 F.3d 699 (7th Cir.1999), plaintiff appealed from dismissal of a claim that defendant had failed to accommodate her religious beliefs by not giving her the day off on Yom Kippur. *Id.* at 700. The district court did not allow plaintiff to proceed on that claim because it was not raised in her EEOC charge. *Id.* The charge alleged only that plaintiff was wrongfully discharged on the basis of her age and religion. *Id.* The Seventh Circuit agreed with the district court, observing that the charge did not mention Yom Kippur, or hint that plaintiff intended to pursue a theory of failure to accommodate her religious practices. *Id.* at 701. The *Novitsky* court concluded that the failure to accommodate claim was not reasonably related to the allegations of discriminatory discharge raised in the charge, and rejected plaintiff's argument that the EEOC was to blame for the absence from her charge of any mention of the Yom Kippur episode. *Id.* at 702. Notably, plaintiff had mentioned the Yom Kippur episode in her intake questionnaire. As in the present case, the charge itself was drafted by an EEOC staffer who failed to include all the grounds listed in the intake questionnaire in the formal charge. *Id.* As in the present case, the plaintiff in *Novitsky* nevertheless signed the charge. *Id.*

In *Clark v. Coats & Clark, Inc.,* 865 F.2d 1237 (11th Cir.1989), the court held that an informal intake questionnaire "fulfilled all the objectives desired by Congress" because it was "in writing and described the action which [the plaintiff] believed to be discriminatory." *Id.* at 1241. In that case, the EEOC had notified the defendant of the alleged discrimination after receipt of the intake questionnaire, but before completion of the formal charge. In *Pijnenburg v. West Georgia Health System, Inc.,* 255 F.3d 1304 (11th Cir.2001), the court ruled that "as a general matter an intake questionnaire is not intended to function as a charge" for purposes of the statute of limitations. *Id.* at 1307. In *Wilkerson v. Grinnell Corp.,* 270 F.3d 1314 (11th Cir.2001), the court held that a verified intake questionnaire that included the basic information suggested by the EEOC may constitute a charge for purposes of the statute of limitations "when the circumstances of the case would convince a reasonable person that the charging party manifested [his or] her intent to activate the administrative process." *Id.* at 1321. In *Bost v. Federal Express Corp.,* 372 F.3d 1233 (11th Cir.2004), the plaintiff had filed his intake questionnaire with an affidavit with the EEOC before filing suit. The Eleventh Circuit held that the intake questionnaire did not satisfy the statutory requirements of an administrative charge under the ADEA. Unlike in *Clark,* the EEOC did not treat Bost's intake questionnaire as a charge of discrimination. The EEOC sent notice of a charge of discrimination only after Bost filed his formal charge. There was no evidence that Bost manifested an intent to activate the administrative process by filing his intake questionnaire, as *Wilkerson* required. The undisputed evidence showed that Bost clearly understood that the intake questionnaire was not a charge because he filed a separate formal charge. Furthermore, the Privacy Act Statement at the end of the intake questionnaire stated that it was not the equivalent of a charge of discrimination. It described the form as a means to decide whether the EEOC has jurisdiction over "potential charges" and to provide "pre-charge filing counseling." These descriptions would have suggested to a reasonable reader that the questionnaire was not a charge.

A district court in the Fifth Circuit has recently concluded that to determine whether a claim has been exhausted:

the decision is to be based on the four corners of the EEOC charge, but the court may also consult related documents, such as a plaintiff's affidavit, her response to the EEOC questionnaire, and attachments to the response, when (1) the facts set out in the document are a reasonable consequence of a claim set forth in the EEOC charge, and (2) the employer had actual knowledge of the contents of the document during the course of the EEOC investigation. This test is subject, of course, to the established principles that the plaintiff's lawsuit may encompass any kind of discrimination like or related to the allegations contained in the EEOC charge, and that the court must not strictly construe the charge and require the complainant to allege every instance of discrimination

*Hayes v. MBNA Technology, Inc.,* 2004 WL 1283965, *6 (N.D.Tex.2004).

These cases are applied to the present record.

## B. The Age and Hostile Work Environment Claims

 In this case, nothing in the EEOC Charge of Discrimination referred to age or a hostile work environment as the basis for discrimination. Kojin signed the completed Charge of Discrimination in two places. Only the Charge of Discrimination was sent to Barton; it did not receive the Charge Intake Form questionnaire. The Privacy Act Statement at the end of the Charge Intake Form questionnaire described it as a means to decide whether the EEOC has jurisdiction over "potential charges" and to provide "pre-charge filing counseling," making it clear that the questionnaire was not a Charge of Discrimination. There is no basis to consider the information set out in the Charge Intake Form questionnaire but not included in the Charge of Discrimination sent to Barton.

The age claim is not a reasonable consequence of the facts set forth in the EEOC Charge of Discrimination. Kojin's age-based ADEA claim exceeds the scope of his EEOC Charge of Discrimination. The age discrimination allegation is dismissed.

 Kojin argues that the Charge of Discrimination encompasses his hostile work environment charge because it refers to the customer complaint that Kojin was spying as the basis for the wrongful discharge. The reference to the customer complaint accusing Kojin of "spying" is not like or related to a claim of a hostile work environment based on national origin animus. An EEOC investigation of such a claim could not reasonably be expected to grow out of such a charge.

To establish a hostile working environment claim, the plaintiff must prove that: (1) he belongs to a protected group; (2) he was subjected to unwelcome harassment; (3) the harassment complained of was based on national or ethnic origin (4) the harassment complained of affected a term, condition, or privilege of employment; (5) the employer knew or should have known of the harassment in question and failed to take prompt remedial action. For harassment on the basis of national or ethnic origin to affect a term, condition, or privilege of employment, as required to support a hostile work environment claim under Title VII, it must be sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment. In determining whether a workplace constitutes a hostile work environment, courts must consider the following circumstances: the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance. *Ramsey v. Henderson,* 286 F.3d 264, 268

(5th Cir.2002) (citations and internal quotation marks omitted). The EEOC would not consider allegations that an employer told its employee that he was fired because a customer had accused that employee of "spying" as claiming that he had been subjected to a hostile work environment, sufficiently severe or pervasive as to alter the conditions of her employment and create an abusive working environment. An investigation of a hostile environment would not reasonably grow out of such allegations. "When the workplace is permeated with 'discriminatory intimidation, ridicule, and insult,' that is 'sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment,' Title VII is violated." *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 21, 114 S.Ct. 367, 126 L.Ed.2d 295 (1993) (citations omitted). This court dismisses this component of Kojin's Title VII claim.

### D. Equitable Tolling

■ Kojin in essence asks this court to apply equitable tolling, to allow him to pursue the age discrimination and the hostile work environment claims in court. Several factors argue against such relief. Kojin was represented by counsel no later than November 25, 2003, when he received his EEOC right to sue letter. Kojin did not seek to amend the Charge of Discrimination. Under such circumstances, equitable tolling is not appropriate. *See, e.g., Biester v. Midwest Health Services, Inc.*, 77 F.3d 1264, 1268 (10th Cir.1996) (even though plaintiff claimed to have mental illness, court rejected plaintiff's equitable tolling argument where plaintiff was represented by counsel during the 90–day period and his attorney had adequate time to initiate action within that period); *see also, Bost v. Federal Express Corp.*, 372 F.3d at 1242 ("Equitable tolling is inappropriate when a plaintiff did not file an action promptly or failed to act with due diligence"); *Freeman v. CSX Transp., Co., Inc.*, 730 F.Supp. 1084, 1086–87 (M.D.Ala. 1989) ("Equitable tolling is particularly inappropriate when plaintiff has consulted counsel during the statutory period.").

### III. Conclusion

The age discrimination and hostile work environment claims are dismissed.