

# NUMBER 13-15-00313-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

---

NEAL VANZANTE,                                                                   **Appellant,**

**v.**

TEXAS A & M
UNIVERSITY-KINGSVILLE,                                                     **Appellee.**

---

### On appeal from the 105th District Court
### of Cameron County, Texas.

---

# MEMORANDUM OPINION

### Before Justices Garza, Perkes, and Longoria
### Memorandum Opinion by Justice Perkes

Appellant Neal VanZante filed suit against appellee Texas A&M University-Kingsville (TAMU-K) alleging age discrimination in violation of the Texas Commission on Human Rights Act (TCHRA).   *See* TEX. LAB. CODE ANN. § 21.051 (West, Westlaw through 2015 R.S.).   The trial court granted TAMU-K's motion for summary judgment and

dismissed appellant's lawsuit. By two issues, which we treat as one, appellant argues the trial court erred in granting summary judgment because genuine issues of material fact exist concerning appellant's age discrimination claim. We affirm.

## I. BACKGROUND

TAMU-K posted a position for "Chair, Department of Accounting and Finance." Appellant, who was sixty-six years old, was one of several applicants for the position but was not selected. Instead, TAMU-K hired fifty-one-year-old Carol Sullivan. Appellant filed suit alleging that TAMU-K's hiring decision was impermissibly motivated by age.

TAMU-K later moved for traditional summary judgment on three grounds: (1) appellant was barred from applying for the position by a prior settlement agreement with the university system; (2) appellant cannot demonstrate a prima facie case of age discrimination; and (3) appellant cannot establish that TAMU-K's legitimate, non-discriminatory reasons for not hiring appellant are false or a pretext for discrimination. TAMU-K's motion for summary judgment was supported by multiple exhibits including deposition transcript excerpts, discovery responses, and TAMU-K's records relating to its hiring process for the chair position. Appellant filed a response to the motion for summary judgment supported by his own affidavit, internal e-mails between TAMU-K faculty and administrators, TAMU-K's response to appellant's charge of discrimination filed with the Equal Employment Opportunity Commission, as well as much of the evidence relied on by TAMU-K. The trial court granted TAMU-K's motion for summary judgment and dismissed appellant's cause of action. This appeal followed.

## II. STANDARD OF REVIEW

2

We review a summary judgment de novo. *Provident Life & Accident Ins. Co. v. Knott*, 128 S.W.3d 211, 215 (Tex. 2003). The party moving for traditional summary judgment bears the burden of showing no genuine issue of material fact exists and that it is entitled to judgment as a matter of law. *Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding*, 289 S.W.3d 844, 848 (Tex. 2009); *see* TEX. R. CIV. P. 166a(c). In conducting our review, we view the evidence in the light most favorable to the non-movant and make all reasonable inferences and resolve all doubts in the non-movant's favor. *Rhone-Poulenc, Inc. v. Steel*, 997 S.W.2d 217, 223 (Tex. 1999).

A defendant who conclusively negates at least one of the essential elements of a cause of action or conclusively establishes an affirmative defense is entitled to summary judgment. *Frost Nat'l Bank v. Fernandez*, 315 S.W.3d 494, 508 (Tex. 2010). If the movant demonstrates that it is entitled to judgment as a matter of law, the burden shifts to the non-movant to present evidence raising a genuine issue of material fact regarding the movant's summary-judgment grounds. *Ayeni v. State*, 440 S.W.3d 707, 709 (Tex. App.—Austin 2013, no pet.). Unless the grounds for summary judgment are specified, a summary judgment order must be affirmed if any of the summary judgment grounds are meritorious. *FM Prop's Operating Co. v. City of Austin*, 22 S.W.3d 868, 872 (Tex. 2000).

### III.   AGE DISCRIMINATION

An employer commits an unlawful employment practice under the TCHRA "if because of race, color, disability, religion, sex, national origin, or age the employer . . . fails or refuses to hire an individual, discharges an individual, or discriminates in any other manner against an individual in connection with compensation or the terms, conditions,

3

or privileges of employment[.]"  TEX. LAB. CODE ANN. § 21.051(1).  The protected class for age discrimination claims consists of those forty years of age and older.  *See id.* § 21.101 (West, Westlaw through 2015 R.S.).  One of the purposes of the TCHRA is to provide for the execution of the policies of Title VII of the Civil Rights Act of 1964; therefore, analogous federal statutes and interpretative cases guide our reading of the TCHRA.  *Mission Consol. Indep. Sch. Dist. v. Garcia*, 372 S.W.3d 629, 633–34 (Tex. 2012).

A plaintiff may prove a claim of intentional discrimination by either direct or circumstantial evidence.  *Id.* at 634.  Where there is no direct evidence of discrimination, we apply the modified burden-shifting framework articulated in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802–04 (1973).  Under this framework, a plaintiff is entitled to a presumption of discrimination if he meets an initial burden of establishing a prima facie case of discrimination.  *Garcia*, 372 S.W.3d at 634.  To establish a prima facie case of age discrimination, the plaintiff must show:  (1) he was a member of a protected class; (2) he sought and was qualified for an available employment position; (3) he was not selected for the position; and (4) the employer selected someone younger.  *Id.* at 642.

Establishment of a prima facie case creates a rebuttable presumption that the employer unlawfully discriminated against the employee.  *Tex. Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 254 (1981).  The burden of production then shifts to the employer to articulate some legitimate, nondiscriminatory reason for its employment decision.  *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 142 (2000).  After the employer articulates a nondiscriminatory reason, the burden then shifts back to the

4

plaintiff to raise a genuine issue of material fact that the articulated reason is a mere pretext for unlawful discrimination. *McDonnell Douglas*, 411 U.S. at 804; *see Jespersen v. Sweetwater Ranch Apts.*, 390 S.W.3d 644, 654 (Tex. App.—Dallas 2012, no pet.)

## IV. DISCUSSION

Appellant argues the trial court erred in granting summary judgment in favor of TAMU-K. Appellant first argues that "[t]he trial court erred in granting summary judgment based on appellant's 2006 Release and Settlement Agreement with TAMU Corpus Christi." Second, appellant argues that the trial court erred in granting summary judgment because appellant established circumstantial evidence of discrimination by demonstrating the prima facie elements of his claim and that TAMU-K's reasons for not hiring him were a pretext for discrimination.[1] Assuming arguendo that appellant established a prima facie case of age discrimination, we conclude appellant failed to raise a fact issue regarding whether TAMU-K's legitimate, non-discriminatory reason for its employment decision was false or not credible.

### A. Legitimate, Non-Discriminatory Reason

In its summary judgment motion and attached evidence, TAMU-K asserted that it did not hire appellant because he was not the most qualified candidate. In that regard, TAMU-K presented evidence concerning the minimum qualifications for the position, including the following: a doctorate in accounting from a regionally accredited university;

---

[1] Appellant also asserts that the hiring of a substantially younger candidate is direct evidence of age discrimination. However, such a hiring is simply an element of appellant's prima facie case required to prove discrimination by circumstantial evidence. *See Mission Consol. Indep. Sch. Dist. v. Garcia*, 372 S.W.3d 629, 634 (Tex. 2012).

eighteen graduate hours for every field in which the candidate will teach; the candidate be qualified to hold the rank of full professor; and the candidate be academically qualified pursuant to accreditation standards established by the Association to Advance Collegiate Schools of Business (AASCB).

The evidence shows that appellant and Sullivan both met the first two requirements and that they each had extensive experience as accounting professors. TAMU-K argues Sullivan demonstrated greater qualifications as measured by the AASCB standards. The record reflects that TAMU-K measures faculty qualifications by looking at the faculty member's "learning and pedagogical research[;] contributions to practice[; and] discipline-based scholarship" over the previous five years. Pursuant to the AACSB standards, TAMU-K identified teaching, research, and service as the primary fields for measuring faculty qualifications. Regarding the relevant five-year period, appellant had not been actively teaching for eighteen months prior to his application, while Sullivan held a current position as an associate professor. Sullivan also had more publications in accepted, peer-refereed journals, and more presentations at professional conferences during the previous five years. Selecting a more qualified applicant constitutes a legitimate, nondiscriminatory justification for a failure to hire an applicant. *Patrick v. Ridge*, 394 F.3d 311, 318 (5th Cir. 2004); *Manning v. Chevron Chem. Co.,* 332 F.3d 874, 881–82 (5th Cir. 2003).

TAMU-K produced evidence to support a legitimate, non-discriminatory reason for not hiring appellant; therefore, the presumption of discrimination created by appellant's prima facie showing is eliminated. *See Reeves*, 530 U.S. at 142–43. Accordingly, we

6

next address whether appellant raised a genuine issue of material fact regarding whether TAMU-K's articulated reason was a pretext for unlawful discrimination.

## B.    Pretext

Appellant argues TAMU-K's justification for selecting another applicant was pretext for discrimination because the university acted against the faculty's recommendation not to hire Sullivan, and because the Dean who initially recommended Sullivan for the position was removed from his position amidst investigations of improprieties.  Appellant also maintains that he was qualified for the position whereas Sullivan was not.

To raise a fact issue on the pretext element of a discrimination claim, the non-movant must present evidence "indicating that the non-discriminatory reason given by the employer is false or not credible, and that the real reason for the employment action was unlawful discrimination."  *Elgaghil v. Tarrant County Junior College*, 45 S.W.3d 133, 140 (Tex. App.—Fort Worth 2000, pet. denied).   A plaintiff can avoid summary judgment if the evidence, taken as a whole, creates a fact issue "as to whether each of the employer's stated reasons was not what actually motivated the employer *and* creates a reasonable inference that [age] was a determinative factor in the actions the plaintiff is now complaining about."   *Id*. (emphasis in original); *see also Little v. Tex. Dep't of Criminal Justice*, 177 S.W.3d 624, 632 (Tex. App.—Houston [1st Dist.] 2005, no pet.).   An employee's subjective belief that its employer has given a false reason for the employment decision is not competent summary judgment evidence.  *Elgaghil*, 45 S.W.3d at 141.

The summary-judgment record reflects that TAMU-K's hiring process provides for faculty input, but, ultimately, the search committee makes the recommendation to the Dean of the College of Business whether to hire a particular candidate. The Dean has final authority to make the hiring decision subject to the approval of the university's provost. Sullivan was the only candidate invited for an on-campus interview to meet with faculty. Eight of the nine faculty members who interviewed Sullivan at the campus did not believe Sullivan should be hired. However, the search committee, after reviewing this information, still recommended to the Dean that Sullivan should be hired. Acting on this recommendation, the Dean made the decision to hire Sullivan subject to the approval of TAMU-K's provost.[2]

We note that faculty input, while being part of the interview process, has no bearing on TAMU-K's determination of which candidates to interview. After reviewing the candidates' relative qualifications, TAMU-K did not select appellant for an interview and he was never evaluated by the faculty. Therefore, we conclude that the faculty's evaluation of Sullivan is not evidence that TAMU-K's stated reason for not hiring appellant is false or not credible. *See Reeves*. 530 U.S. at 148 ("[A]n employer would be entitled to judgment as a matter of law if . . . the plaintiff created only a weak issue of fact as to whether the employer's reason was untrue.").

With respect to appellant's reliance on the former Dean's removal during the hiring process, we also conclude that this fact does not constitute evidence of pretext. The

_____

[2] The former Dean was involved in the hiring process for the chair position, but was removed prior to Sullivan being hired. Richard Aukerman was later appointed interim dean and finalized the hiring of Sullivan.

8

record shows that several complaints were raised against the former Dean resulting in his removal. Of those complaints, only one pertained to Sullivan. Appellant cites the fact that the former Dean visited individually with Sullivan off-campus to discuss the position prior to her on-campus interview in June of 2012, and that his doing so was a departure from TAMU-K's typical hiring practices. However, following the former Dean's removal in September of 2012, his replacement, Richard Aukerman, recommended that TAMU-K hire Sullivan based on the recommendation of the search committee. Aukerman's decision was approved by the university's provost, and, in October of 2012, TAMU-K made an offer of employment to Sullivan. Due to the fact that Sullivan's hire was recommended by Aukerman and approved by the provost following the former Dean's departure, we cannot conclude that the evidence relied on by appellant is indicative of pretext.

With regard to appellant's argument that he was the most qualified candidate, appellant was required to demonstrate that he was "clearly better qualified" than the other applicants. *See Manning*, 332 F.3d at 882. To show that he was "clearly better qualified" than Sullivan and raise a fact question regarding whether age discrimination was a factor in the hiring decision, appellant bore the burden of presenting evidence "from which a jury could conclude that 'no reasonable person, in the exercise of impartial judgment, could have chosen the candidate selected over the plaintiff for the job in question.'" *Moss v. BMC Software, Inc.*, 610 F.3d 917, 923 (5th Cir. 2010) (quoting *Deines v. Tex. Dep't of Protective & Regulatory Servs.*, 164 F.3d 277, 280–81 (5th Cir. 1999)). Reviewing the relative qualifications of the candidates as discussed above, we

9

cannot conclude that appellant was "clearly better qualified" than Sullivan.    *See Manning*,

332 F.3d at 882.

Appellant has failed to raise a fact issue regarding the pretext element of his claim.

*Elgaghil*, 45 S.W.3d at 140.   Therefore, the trial court did not err in granting summary

judgment on appellant's age-discrimination claim.   We overrule appellant's two issues.

### V.    CONCLUSION

We affirm the judgment of the trial court.

GREGORY T. PERKES
Justice

Delivered and filed the
16th day of June, 2016.